Auther G. Barkley v. Commissioner.
Barkley v. Commissioner
Docket No. 3601-66.
United States Tax Court
T.C. Memo 1967-110; 1967 Tax Ct. Memo LEXIS 151; 26 T.C.M. (CCH) 518; T.C.M. (RIA) 67110; May 15, 1967
*151 Respondent determined a deficiency in income tax, plus a 5 percent addition for negligence, for the calendar year 1964 against petitioner and his wife, Sue E. Barkley. The latter is not before us. Petitioner has not contested the adjustments made by the respondent in determining the deficiency and the addition to tax but contends that he has been mistreated by the Teamsters' Union (Union Local 274) to which he belonged; that his Constitutional rights have been denied him; and that until these alleged injustices have been corrected, all taxes paid by him since July 6, 1963, should be refunded, and all moneys earned since that date should be held by him as collateral. Held, this Court is not the appropriate forum for airing such grievances and, since petitioner has adduced no evidence of error on the part of respondent, his determination stands approved. Auther G. Barkley, pro se, 4145 N. Mitchell St., Phoenix, Ariz. Richard Rink, for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion ARUNDELL, Judge: Respondent determined a deficiency in income tax and a 5 percent addition for negligence against Auther G. Barkley and Sue E. Barkley, husband and wife, for the calendar year 1964 in the amounts of $471.78 and $23.59, respectively. Only petitioner Auther G. Barkley is before us. By amended petition, duly filed, the only error assigned is "Failed to refund money." Findings of Fact Petitioner and his wife Sue E. Barkley filed a joint United States individual income tax return for the calendar year 1964 with the district director of internal revenue at Phoenix, Ariz. Both petitioner and his wife at all times material herein were residents of Phoenix. On the joint return petitioner and his wife reported total wages of $5,470.91; itemized deductions of $1,025.72; exemptions of $2,400; a taxable income of $2,045.19; and a tax liability of $332.90. Respondent, in his notice of deficiency dated May 31, 1966, made "Adjustments" to the taxable income reported as follows: *153 Taxable income as disclosed by return
$2,045.19
Unallowable deductions and additional
income: (a) Interest income
440.33
(b) Income for services rendered
1,530.00
(c) Itemized deductions
1,025.72
Total
$5,041.24
Nontaxable income and additional de-
ductions: (d) Standard deduction
744.12
Corrected taxable income
$4,297.12
The $1,530 added by the respondent was for services petitioner rendered the M. and M. Distributors Company in 1964 which had not been reported by petitioner on the return. The respondent also determined that this amount represented "self-employment income as defined in Section 1402 of the Internal Revenue Code of 1954" on which there was due a "self-employment tax" of $65.26, the respondent's computation of tax being as follows: Corrected taxable income
$4,297.12
Income tax
739.42
Plus self-employment tax
65.26
Total income tax liability
$ 804.68
Tax liability shown on return
332.90
Deficiency
$ 471.78
Addition under sec. 6653(a), I.R.C.
1954
$ 23.59
On June 28, 1966, petitioner filed a document with this Court alleging that his Constitutional rights had been denied and requesting *154 that his tax money be refunded until his rights have been enforced. The document also sets forth in some detail certain facts which are alleged to have occurred in regard to a labor dispute. The document does not specifically challenge any of the determinations referred to in respondent's notice of deficiency. On September 22, 1966, petitioner, with leave of this Court, duly filed an amended petition in which he sets forth that the respondent erred in failing to refund his money and states that the facts which are the basis of his case are set forth in the document filed with the Court on June 28, 1966. Opinion Petitioner attached to the joint return a 6-page hand-written explanation of how he had been a member of the Teamsters' Union for about 20 years; how he had worked for a baking company for about 10 years "with no complaint" from the company during this time; and how on July 6, 1963, his supervisor sent him home with a notice "not to report for work any more." The explanation goes on to state the names of the many people he contacted in an effort to find out the reason for his discharge but about the only satisfaction he could get was the suggestion that other employees *155 of the baking company had given their superiors "kickbacks" whereas he had not. He contacted the Union, and the main office of the baking company in California, but received no aid. He closed his 6-page explanation with these statements: The Teamsters Union and * * * [the baking company] have violated their bargaining agreement which is granted them by the State and Federal Government against me, Auther Gates Barkley. I plead fair treatment from both the State and Federal Government. When the Laws of Congress have been inforced [inforced] and I have been given justice, I will re-file my income tax, and claim all my earnings that is required by law, but until the laws of Congress have been enforced, I will hold all the money that I am making as collateral. Peaceful World of Independence states adhering to common standards of justice, subject to the use of force to the rule of law. Upon this law I have acted and I will stand. The document filed with this Court on June 28, 1966, petitioner's testimony at the hearing, and his brief are all of the same tenor. He contends that his Constitutional rights have been denied him and that until these alleged injustices have been corrected, *156 all taxes paid by him since July 6, 1963, should be refunded. Of course, these are all matters over which this Court has no jurisdiction, and petitioner was so advised from the bench, in part, as follows: THE COURT. If I thought I could do something, I would be glad to let you continue, but it seems to me your problem is one connected with the labor unions and with the Government Labor Department or Department having to do with it. It is not in this Court. This has to do solely with taxes, and if you received income. The fact that you were mistreated is something that I have no jurisdiction over. In Abraham J. Muste, 35 T.C. 913, 919 (1961), a somewhat similar contention was answered when this Court said that there is "no doubt as to the sincerity of the petitioner's beliefs but in our opinion he does not have the right to refuse to comply with the law, even though the policies of the Federal Government and the manner of expenditure of its revenues may not accord with the dictates of his conscience or religion." Since petitioner has offered no proof of error on the part of the respondent, we are left with no alternative but to sustain his determination. Decision *157 will be entered for the respondent.